**HOBGOOD v. LOUISIANA & A. RY. CO.**

No. 1368.

*Court of Appeal of Louisiana.   First Circuit.*
Oct. 3, 1934.

Milling, Godchaux, Saal & Milling and L. K. Benson, all of New Orleans, for appellant.

E. S. Muse, of St. Francisville, for appellee.

MOUTON, Judge.

Plaintiff, Hobgood, was driving a Chevrolet auto, northward, towards St. Francisville, and Henson, an employee of defendant company, was driving a Ford, southward, in the direction of Baton Rouge, at about 8 p. m., in July, 1932.

A collision occurred between the two cars resulting in damages to plaintiff, for which this suit is brought against defendant company.

Judgment was rendered in favor of plaintiff for $674.90, from which defendant company appeals.

After the collision plaintiff's car ran northward about 50 feet from the point of the accident and came to a stop near or in the ditch on the side of the highway.

Counsel for defendant company refers to this fact.

In his analysis of the evidence, the district judge refers to the fact that Henson was running upgrade at the time of the accident, and plaintiff was going downgrade.

Plaintiff testifies he was knocked unconscious by the collision and that he lost control of his car.

This fact, taken in connection with the fact that he was going downgrade, explains why his car kept on running to the distance above mentioned before coming to a stop, and shows that the going of the car to that distance from the point where the collision occurred cannot be ascribed to the fact that plaintiff was driving at the time at an excessive rate of speed.

The vital point at issue, and upon which this case turns, is as to where the accident really occurred.

The testimony of plaintiff is that Henson, employee of defendant, suddenly switched off from his side of the highway and ran into plaintiff's car; and the testimony of Henson is that it was plaintiff who, from his side of the highway, ran into his car.

They are the only witnesses who testified on this question, and their testimony is in direct conflict and clearly irreconcilable. Such being the situation, we are forced to rely on the physical facts for a proper solution of this case.

John Dickson testifies that he saw when the collision occurred; that after the accident, the Ford car was standing in the middle of the road in a "cater-cornered" position. He also said that oil was dripping from the Ford car and had made an oil spot in the middle of the road. He further testified that the day before the trial he had seen the oil spot where it had been left from the drippings of the Ford car.

Canty testified to the fact that this oil spot was in the middle of the road; that he had seen it a day or two prior to the trial.

The preponderance of the evidence clearly shows that the oil spot was in the middle of the highway, and by the testimony of Dickson that it had been caused by the dripping of oil from the Ford car, which Henson was driving for defendant company.

The oil spot so found, and which is shown to have been made from the drippings of the Ford car, is a fact strongly corroborative of the testimony of plaintiff that Henson had run across the center of the road into his car.

Plaintiff testified that immediately after the accident he had asked Henson why he had run into his car. He said Henson had replied because "your lights have blurred me."

The court accepted this statement that plaintiff said Henson had made to him as being true and came to the conclusion, as appears from the opinion rendered below, that plaintiff's lights had obscured Henson's vision, and which was the real cause of the accident. We find no error in that conclusion of the court.

Upon being blinded by the lights, Henson should have lessened his speed and brought his car under control. Safety Tire Service, Inc., v. Murov, 19 La. App. 663, 140 So. 879. If he had, as the highway is straight and wide where the accident happened, the other car would have passed safely. Evidently, he failed to do so and was guilty of negligence in running into the other car.

A written statement made by plaintiff to the claim agent of defendant company is filed in the record. The district judge found that this statement could be easily reconciled with his finding as to the proximate cause of the accident.

Whatever construction be given to that statement, it cannot prevail over the corroborative facts above referred to, which clearly support the testimony of plaintiff, showing that Henson ran into his car which was caused by the blinding effects of the lights of plaintiff's car, as was stated in the opinion of the trial judge.

Finding no reason to either increase or decrease the amount of damages allowed below, the judgment is therefore affirmed, with cost.